KENNETH E. KELLER (SBN 71450) kkeller@kksrr.com
ANNE E. KEARNS (SBN: 183336) akearns@kksrr.com
KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP
555 Montgomery Street, 17th Floor
San Francisco, California 94111-2541
Telephone:    (415) 249-8330
Facsimile:    (415) 249-8333

Attorneys for Plaintiff Tiffany (NJ), LLC

JEFFREY G. NEVIN (SBN 114295)
VALERIAN, PATTERSON & STRATMAN
1650 Harbor Bay Parkway, Suite 100
Alameda, California 94502
Telephone:  (510) 521-0612
Facsimile:   (510) 337-0125
Email: jeffrey.nevin@farmersinsurance.com

Attorneys for Defendants
MIKI BOUTIQUE, INC., a dissolved California Corporation; MEI NG, an individual, individually and jointly, d/b/a YUKI BOUTIQUE

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY (NJ), LLC, a Delaware limited liability company,<br><br>    Plaintiff,<br>v.<br><br>MIKI BOUTIQUE, INC., a dissolved California corporation, and MEI NG, an individual, individually and jointly, d/b/a YUKI BOUTIQUE and DOES 1-10,<br><br>    Defendants. | Case No. CV 11-1563 MMC<br><br>**STIPULATED PERMANENT INJUNCTION** |

Plaintiff, Tiffany (NJ), LLC ("Tiffany") and Defendants, Miki Boutique, Inc., a dissolved California corporation, and Mei Ng, an individual, individually and jointly, d/b/a Yuki Boutique (collectively the "Defendants") stipulate and consent to the following:

**WHEREAS**, the Defendants allegedly adopted and began using trademarks in the United States which allegedly infringe and dilute the distinctive quality of Tiffany's various registered

trademarks: TIFFANY & CO., TIFFANY, TIFFANY & CO., and TIFFANY (collectively the "Tiffany Marks") as identified in Paragraph 7 of Tiffany's Complaint;

**WHEREAS**, without the admission of any liability, the parties desire to settle and have amicably resolved their dispute to each of their satisfaction; and

**WHEREAS**, based upon Tiffany's good faith prior use of the Tiffany Marks, Tiffany has superior and exclusive rights in and to the Tiffany Marks in the United States and any confusingly similar names or marks.

IT IS STIPULATED, ORDERED, ADJUDGED AND DECREED that:

1. The Defendants and their respective officers, agents, servants, employees and attorneys, and all persons in active concert and participation with them are hereby permanently restrained and enjoined from intentionally and/or knowingly:

   A. manufacturing or causing to be manufactured, importing, advertising, or promoting, distributing, selling or offering to sell counterfeit and infringing goods bearing the Tiffany Marks;

   B. using the Tiffany Marks in connection with the sale of any unauthorized goods;

   C. using any logo, and/or layout which may be calculated to falsely advertise the services or products of the Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with the Plaintiff;

   D. falsely representing the Defendants as being connected with the Plaintiff, through sponsorship or association,

   E. engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of the Defendants, are in any way endorsed by, approved by, and/or associated with the Plaintiff;

   F. using any reproduction, counterfeit, copy, or colorable imitation of the Tiffany Marks in connection with the publicity, promotion, sale, or

advertising of any goods sold by the Defendants, including, without limitation, bracelets, necklaces, earrings, and rings;

G. affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent the Defendants' goods as being those of the Plaintiff, or in any way endorsed by the Plaintiff;

H. offering such goods in commerce; and from otherwise unfairly competing with the Plaintiff.

I. secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or displaying of all unauthorized products which infringe the Tiffany Marks; and

J. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (A) through (I).

2. Plaintiff shall have the right to seek all legal and equitable remedies that the Court deems appropriate, and such other relief deemed proper in the event of a violation or failure by the Defendants to comply with any of the provisions hereof.  The prevailing party in any such proceeding shall be entitled to recover its attorneys' fees and costs.

3. The causes of action between Tiffany and the Defendants are hereby dismissed with prejudice, subject to the terms of the Settlement Agreement between the parties.  This Permanent Injunction shall be conclusive for purposes of collateral estoppel regarding all issues that have been or could have been brought on the same operative facts.

4. The parties' respective attorney's fees and costs incurred in connection with this action shall be borne as per the agreement of the individual parties in their Settlement Agreement.

5. This Court will retain continuing jurisdiction over this cause to enforce the terms of this Permanent Injunction and the Settlement Agreement between the parties.

6. All counterfeit Tiffany branded products seized on April 5, 2011 and/or any Tiffany branded products currently in the possession, custody and/or control of the Defendants required to be surrendered to Tiffany under the terms of the parties' settlement, shall be destroyed under the direction of Tiffany.

**IT IS SO ORDERED.**

Dated: _____January 18_____, 20__12__.

_____
THE HONORABLE MAXINE M. CHESNEY
UNITED STATES DISTRICT JUDGE